## B. SIMON v. DAY & KIRKSEY.

### No. 7522.

**Citation to Warrantor.** — At instance of defendants in an action to try title and for partition their warrantor was made party. Citation was issued to the warrantor to another county. The return of the sheriff showed service "by delivering to the defendant (the warrantor) in person a true copy of this writ, together with the accompanying certified copy of plaintiff's original petition." By supplemental petition plaintiffs included in their suit another tract of land, and upon trial judgment by default against the warrantor was rendered for the plaintiffs for such other tract; and on writ of error, *held:*

1. The sheriff's return must be treated as true. If it was incorrect, it should have been amended.

2. No judgment by default could have been properly rendered against the warrantor for a cause of action pleaded either before or after he was served with citation, of which notice was not given by the service of process.

ERROR from Limestone. Tried below before Hon. RUFUS HARDY. No statement is necessary.

*Kincaid & Kimball,* for plaintiff in error.—It is error to render judgment by default against a defendant for an entirely different cause of action from that which he has been cited to answer. Snow v. Moorehouse, 37 Texas, 514; Thompson v. Griffis, 19 Texas, 116; Graves v. Robertson, 22 Texas, 130.

*L. J. Farrar,* for defendants in error.—After one is made a party to a suit and served with process by the plaintiff or original defendant, such party is bound to take notice of pleadings subsequently filed by the original parties, unless a new cause of action is set up. Morrison v. Walker, 22 Texas, 19; De Walt v. Snow, 25 Texas, 321.

HENRY, ASSOCIATE JUSTICE.—The appellees, claiming to own an undivided one-half of the land, brought two suits of trespass to try title and for partition. J. B. Reilly was the sole defendant in the first one, which was for 114 acres of land. The second one was against Fannie, Edward, Allie, and Bennie Persons, as sole defendants, and was for a separate tract containing 396 acres.

Both suits were filed on the same day. The defendants in each answered, setting up substantially the same defenses, after which the suits were, without objection, consolidated. Both petitions charged that the lands in controversy were parts of the J. P. Plummer survey, and had been patented to B. Simon and L. Brash.

The answers alleged, in substance, that before it was located the certificate for 1280 acres, under which both tracts were held, was owned by one Henry Simons; that the said Henry Simons made with one

Jayne a contract to locate the certificate, agreeing to compensate him by conveying to him one-half of the land that he should locate; that said Jayne located the land in three separate tracts, two of them being the tracts described in plaintiff's petition, and the third one being a tract containing 770 acres, which the answers described by metes and bounds; that the said Henry Simon conveyed to the said Jayne, in pursuance of said contract, said two tracts of 114 and 396 acres; that defendants in each of said suits have acquired under said Jayne the titles to the tracts for which they are respectively sued; that the said 770 acres tract is as valuable as the other two tracts combined; and they pray that Henry Simon and B. Simon be cited to appear and defend; and in the event of the defendants not being allowed to recover the tracts for which they are respectively sued, that the whole of said three tracts be partitioned, and that plaintiff's recovery be satisfied out of the 770 acres tract.

After the defendants had answered and the suits had been consolidated, the plaintiffs filed a supplemental petition, in which they in substance alleged:

"That prior to the year 1864, B. Simon and Lewis Brash were partners in a mercantile business, in Limestone County, and accumulated a considerable amount of property, real and personal; that the said J. P. Plummer certificate belonged to said firm; that sometime in 1864 the firm was dissolved; that Lewis Brash intending to leave the State had only a partial settlement with B. Simon; that the money on hand, $5000, was divided equally between them, and the rest of the firm assets were left with Simon, setting out a list of real and personal property; that the liabilities of the firm, $700, were paid by Brash out of his individual means; that B. Simon pretended to transfer the Plummer certificate to A. L. Steele, for which Steele paid nothing, and that Simon converted to his own use the firm property, which was of the reasonable value of $20,000, and that there was not a vestige of it left except the real estate; that the transfer to Steele was made by Simon to defraud his individual creditors of debts incurred by him in a mercantile venture after his dissolution with Brash, and not to pay any debts due by the firm of Simon & Brash; that there was no just reason for a transfer of the certificate by Simon, and that all the transfers of it were pretenses, and frauds upon the rights of Brash. They further pleaded that they were purchasers in good faith of Brash's interest without notice of the equities, if any, of defendants.

"On December 29, 1888, defendant J. B. Reilly filed his first amended original answer, which is in substance the same as his original answer, except that he set up the fact that Henry Simon since the partition with Jayne had transferred an interest in the 770 acres tract to B. Simon. He alleged the residence of B. Simon to be in McLennan County. He prayed among other things for citation to B. Simon, with

a copy of his answer. The same relief was sought as in the original answer. On December 29, 1888, the clerk of the District Court issued a citation, directed to the sheriff or any constable of McLennan County, commanding B. Simon to appear, etc., and answer the petition and cross-bill of J. B. Reilly, filed in said court on December 29, 1888.

"The writ was served on January 17, 1889, 'by delivering to the defendant B. Simon in person a true copy of this writ, together with the accompanying certified copy of plaintiff's original petition.' On January 13, 1890, plaintiffs filed their first amended supplemental petition, in which they substantially reiterated the allegations in their original supplemental petition and offered to refund in money one-half the expenses for the location of the Plummer certificate. On January 13, 1890, the case was tried by the court without a jury, and judgment was rendered against the plaintiffs and in favor of defendants J. B. Reilly and Fannie R. Persons et al. for the land claimed by them, and in favor of plaintiffs by default against defendants B. Simon and H. Simon for the 770 acres tract, and for their costs."

The cause comes before us upon a writ of error sued out by B. Simon alone, who complains of the judgment by default against him, without notice or lawful service of citation.

We think that the judgment against him was unauthorized, and it must be reversed.

He resided out of the county in which the suit was pending, and no party could have become entitled to a judgment by default against him without the service upon him of certified copies of all pleadings of such party that were on file when the citation for him was issued.

We must treat the return of the sheriff as true. If it was incorrect, it should have been amended. According to that, the pleading served upon the plaintiff in error was strictly an action of trespass to try title and partition against Reilly for the 114 acres tract of land in which the land finally adjudged against him was not referred to.

No judgment by default could have been properly rendered against him for a cause of action pleaded either before or after he was served, of which notice was not given him by the service of process.

The judgment is reversed and the cause is remanded as to all parties.

*Reversed and remanded.*

Delivered May 6, 1892.