## TWICHELL v. ASKEW et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 18, 1911. On Rehearing, Dec. 16, 1911.)

1. CONTRIBUTION (§ 4*)—MAKERS OF NOTE.

Though each of several makers of a note is as to the holder of the note liable for the whole debt, yet as between themselves each is liable to contribute to those paying the note his equal part ratably distributed between the solvent makers.

[Ed. Note.—For other cases, see Contribution, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

2. JUDGMENT (§ 208*)—ACTIONS AGAINST SEVERAL MAKERS OF NOTE—RELIEF.

Under Sayles' Ann. Civ. St. 1897, art. 1335, requiring the judgment to give the party all relief to which he is entitled, a judgment against several makers of a note, liable as between themselves to contribute to those paying the note their equal part ratably distributed between the solvent makers, must provide for contribution from the solvent makers in the event the sheriff collects the whole judgment,

---

or more than the pro rata share, from one maker.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 208.*]

3. JUDGMENT (§ 17*) — VALIDITY — WANT OF PROCESS.

Where no process was issued on the filing of a cross-action by some of the defendants, the part of the judgment based on the cross-action was void as to codefendants, and on a proper showing equity would enjoin enforcement thereof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25-33, 422; Dec. Dig. § 17.*]

4. JUDGMENT (§ 449*) — RESTRAINING ENFORCEMENT—TENDER—NECESSITY.

Under Sayles' Ann. Civ. St. 1897, art. 2990, providing that no injunction shall be granted to stay any judgment except so much of the recovery as complainant shall show himself equitably entitled to be relieved against, one of several makers of a note who seeks to restrain a judgment on the note must tender the part of the debt which he admits to be due from him.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 449.*]

On Rehearing.

5. JUDGMENT (§ 28*)—INVALIDITY IN PART—EFFECT.

A judgment may be void in part and valid in all other respects.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 39; Dec. Dig. § 28.*]

6. JUDGMENT (§ 28*)—INVALIDITY IN PART—EFFECT.

Where the makers of a note waived citation and entered appearance on the filing of the petition in an action on the note, the part of the judgment adjudicating the liability of the makers to the holder of the note was valid, though the part of the judgment which sought to settle the relative rights of the makers as between themselves was void as to one of the makers because no process was issued and served on him on the filing of a cross-action forming the basis for such adjudication.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 39; Dec. Dig. § 28.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by W. D. Twichell against W. A. Askew and others to reform a judgment and to restrain the enforcement thereof until reformed. From a judgment denying relief, plaintiff appeals. Affirmed.

C. A. Wright, for appellant. Cooper, Merrill & Lumpkin and J. W. Crudgington, for appellees.

HALL, J. On August 25, 1911, appellant filed in the county court of Potter county his original petition to reform a judgment of said court, rendered June 3, 1911, and for a temporary injunction restraining the sheriff of Potter county from collecting said judgment until the same had been reformed. His petition states that he and J. E. Nunn, S. P. Vinyard, R. E. Underwood, W. A. Askew, J. W. Crudgington, C. L. Timmons, C. Martin, and B. E. Timmons were the makers of a certain note, payable to S. H. Lumkin;

that all were liable thereon as principal debtors; that suit was filed upon said note in the county court of Potter county April 18, 1911, and in order to save costs all of said makers waived citation and agreed to enter their appearance on the 24th day of April, 1911; that all of the makers were solvent except C. L. Timmons, B. E. Timmons, and C. Martin; that on June 3, 1911, the day upon which the above-named judgment was rendered for the full amount of the note, the said Askew, Underwood, Crudgington, Vinyard, and Nunn filed an answer, alleging that all said defendants had been jointly liable on said note, but that they had paid their proportional part of same and asked the court to render a judgment, requiring that execution issue first against the appellant herein, C. E. Martin, C. L. Timmons, and B. E. Timmons for the amount of judgment to be rendered in said cause; and that in the event they, the said Askew, Crudgington, Nunn, Vinyard, and Underwood be required to pay judgment, then that they have their execution against said other defendants, meaning appellant, C. L. Timmons, B. E. Timmons, and C. Martin. No process of any kind was ever issued upon said answer, and appellant had no notice whatever that the same had been filed, but had been led to believe that judgment would be rendered against all of the defendants in said suit equally, as had been prayed for in the original petition; that he learned for the first time on August 24, 1911, of the nature of the judgment rendered against him and of the filing of said answer and cross-bill by his codefendants in that suit, when the sheriff notified him to come in and settle the judgment and avoid unnecessary expense and trouble; that the answer and cross-action of his codefendants is subject to general demurrer; and that said judgment was obtained by fraud, accident, and mistake.

The court rendered judgment upon the note as follows: "On this day came on regularly to be heard the above entitled and numbered cause, and the plaintiff came by attorney and announced ready for trial, and the defendants since the filing of this suit have each filed a waiver of citation and made an appearance in this case, and the defendants W. A. Askew, R. E. Underwood, S. P. Vinyard, J. E. Nunn, and J. W. Crudgington having filed an answer herein. The court, having heard the pleadings read, the evidence adduced, and the argument of counsel, is of the opinion, and so finds, that the plaintiff S. H. Lumkin should have and recover of and from the defendants W. A. Askew, C. Martin, R. E. Underwood, S. P. Vinyard, J. E. Nunn, C. L. Timmons, W. D. Twichell, B. E. Timmons, and J. W. Crudgington the sum of $693.23, which includes principal, interest, and attorney's fees due

upon a certain promissory note dated April 29, 1910, which note bore interest at the rate of 10 per cent. from date. And the court further finds that the defendants W. A. Askew, R. E. Underwood, S. P. Vinyard, J. E. Nunn, and J. W. Crudgington have paid plaintiff on said note their respective joint liability, payment having been made on the 6th day of March, 1911, and that the balance of said defendants have not paid any amount upon said note. It is therefore ordered, adjudged, and decreed by the court that the plaintiff S. H. Lumkin do have and recover of and from the defendants W. A. Askew, C. Martin, R. E. Underwood, S. P. Vinyard, J. E. Nunn, C. L. Timmons, W. D. Twichell, B. E. Timmons, and J. W. Crudgington the said sum of $693.23, with interest thereon from this date at the rate of 10 per cent. per annum. It is further ordered, adjudged, and decreed by the court that the plaintiff shall cause to be issued an execution against the defendants C. L. Timmons, W. D. Twichell, C. Martin, and B. E. Timmons first for the amount of this judgment including principal, interest, and attorney's fees and all interest thereon, and, in case said execution is returned without making said sum of money out of said defendants, then and in that event said plaintiff shall have his execution for the amount of the money due him on said judgment against each and all of said defendants W. A. Askew, C. Martin, R. E. Underwood, S. P. Vinyard, J. E. Nunn, C. L. Timmons, W. D. Twichell, B. E. Timmons, and J. W. Crudgington. It is further ordered, adjudged, and decreed ·by the court that in case either of the defendants J. W. Crudgington, J. E. Nunn, S. P. Vinyard, W. A. Askew, and R. E. Underwood shall pay or cause to be paid the hereinabove mentioned judgment, or any part thereof, that they or he may have their or his execution issued against the defendants C. Martin, C. L. Timmons, W. D. Twichell, and B. E. Timmons, for the amount they or he, or either of them, pay or cause to be paid."

The said Askew, Crudgington, Underwood, Vinyard, and Nunn waived the issuance of service of citation in writing, and entered their appearance in this proceeding to the August term, 1911. On October 7, 1911, the court entered an order in this proceeding as follows: "W. D. Twichell v. W. A. Askew et al. No. 1,242. Saturday, October 7, 1911. Order Refusing Injunction. In County Court, Potter County, Texas. Came on this the 7th day of October, 1911, to be heard and considered plaintiff W. D. Twichell's petition for injunction in the above styled and numbered cause, and same having been duly heard and considered, counsel for both plaintiff and defendants appearing and making arguments for and against the granting of same, the court is of the opinion that said petition shows no cause of action, and injunction as prayed for should be refused,

which is hereby done, and all costs herein are adjudged against said plaintiff."

It seems from the record that appellant made no effort to have the judgment reformed or to have the court take any further action upon his petition during the August term, and the matter is before us on appeal from the order refusing the injunction.

It is evident that the judgment rendered on June 3d is erroneous and unjust to appellant. If five-ninths of the amount due upon the note had been paid, it was error to render judgment in favor of plaintiff for the full amount thereof and to award execution for the full amount against C. L. Timmons, B. E. Timmons, C. Martin, and this appellant. There were nine makers of the note, and, in the event they were all solvent, each as between themselves was liable for only one-ninth thereof.

[1] Notwithstanding the rule that each obligor is, as to the creditor Lumkin, liable for the whole debt, nevertheless, as between himself and his co-obligors, he is liable to contribute to those paying the debt no more than his equal portion ratably distributed between those who are solvent and able to sustain with him the common burden. The petition for injunction, showing that three of the makers were insolvent, each of the remaining six would have been liable for an aliquot part of the debt. Merchants' National Bank v. McAnulty, 89 Tex. 124, 33 S. W. 963.

[2] The judgment nowhere entitles appellant to contribution from his five co-obligors who were solvent in the event the sheriff collected the whole amount of said judgment, or more than his pro rata share thereof, from him. This would entitle him to a correction and a reformation of the judgment. Sayles' Statutes, art. 1335.

[3] The fact that no process of any kind was issued or served upon appellant, upon the filing of the cross-action by Askew, Crudgington, Underwood, Nunn, and Vinyard, renders all that part of the judgment based upon their cross-action as to him void and upon a proper showing would have entitled him to the injunction prayed for. Roller v. Ried, 87 Tex. 69, 26 S. W. 1060; Vernor v. D. Sullivan & Co., 126 S. W. 647; Simon v. Day, 84 Tex. 520, 19 S. W. 691.

[4] The rule in this state is, before a defendant can invoke the aid of a court of equity, in restraining the collection of a judgment against him, upon the ground that part of the amount is unjust or void, he must tender that part of said judgment which he shows to be valid. Hamburger v. Kosminsky, 61 S. W. 958; Sayles' Civil Statutes, art. 2990. Appellant's petition before us shows that all of the obligors in said note were equally liable and that three of them were insolvent. Before he would have been entitled to an injunction, it was incumbent upon him to tender or offer to pay one-sixth of the entire debt which he admitted in

his petition to be due. Failing to do this, the court did not err in refusing the temporary injunction, and the judgment to that extent is therefore affirmed. Our opinion, however, must not be construed as in any way affecting appellant's right to have the judgment in the county court reformed and upon a proper showing, if he should so desire, to make further application for injunction, protecting his property until final action upon his petition for such reformation.

Affirmed.

## On Rehearing.

[5] Appellant insists in his motion for rehearing that, if the judgment is void in part, then it is necessarily void as a whole, and that, if it is void in whole, it is not obligatory upon him to tender any part thereof before he would be entitled to an injunction restraining its execution. The rule in this state is that a judgment may be void in part and valid in all other respects. Hollis v. Dashiell, 52 Tex. 187; Butler v. Holmes, 68 S. W. 52.

[6] We think the decree of the county court, in so far as it adjudicates the questions of liability of all the co-obligors upon the note to the plaintiff Lumkin, is valid. All of the makers of said note waived citation and entered an appearance upon the filing of the original petition. That portion, however, which seeks to settle the relative rights of the joint obligors as between themselves, is void as to appellant, because no process was issued and served upon him upon the filing of the cross-bill.

If the record before us had shown that the execution which was threatened to be levied upon appllant's property was issued in favor of plaintiff Lumkin, and was based upon the valid part of said judgment, the appellant could not enjoin its collection at all, since the plaintiff Lumkin had the right to collect from him the whole amount if he saw fit to do so. However, the record being silent upon that point, and appellant's bill having admitted his liability to the extent of one-sixth of the judgment, and not offering to pay that amount, we held, and still hold, that the court did not err in refusing the writ.

The motion for rehearing is therefore overruled.