**RUBY v. DAVIS et al. (No. 2546.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925.)

**1. Evidence ⬅174(5)—Vendor's lien notes held admissible as original evidence.**

Vendor's lien notes, sufficiently describing land and reciting that lien is retained in notes and in deed, are not secondary evidence, but are admissible as original evidence to prove facts recited.

**2. Judgment ⬅17(1)—Default judgment in favor of defendant against codefendants void where statutory notice not given.**

A default judgment in favor of one defendant against his codefendants on his cross-action is absolutely void, where such codefendants did not have required statutory notice.

**3. Appeal and error ⬅934(3)—Presumed that notice not served on defaulting codefendants against whom defendant obtained judgment on cross-action, where cross-action filed on day judgment taken.**

Where default judgment is rendered in favor of one defendant against codefendants on cross-action filed same day in which judgment is taken, appellate court will presume that required statutory notice was not served on defaulting defendants, and that judgment is void and hence subject to collateral attack.

**4. Judgment ⬅577(1) — Void judgment held not res judicata in subsequent suit.**

A void default judgment, obtained by defendant against his codefendants on his cross-action establishing his lien on land as superior to that of codefendants, is not res judicata in subsequent action between them, and codefendants' unsuccessful attempt to prosecute writ of error does not estop them from proceeding to judgment in such subsequent suit.

**5. Judgment ⬅252(3)—Defendants' prayer held sufficient basis for judgment rendered.**

In suit to determine respective rights of several lienholders and to foreclose such liens, defendant lienholders' prayer for equitable adjustment of proceedings of sale of land among all lienholders and for other proper relief *held* sufficient basis for judgment decreeing that plaintiff and defendants recover full amount of their respective liens.

**6. Husband and wife ⬅221—Wife held not necessary party to action on lien notes executed by her and husband.**

Wife *held* not necessary party to suit on vendor's lien notes executed by her and her husband, where it did not appear that debt, for which notes were given, was for necessaries, or that it was connected with her separate estate, and no issue of homestead was in case.

Appeal from District Court, Swisher County; R. C. Joiner, Judge.

Action by Martin S. Ruby against D. H. Davis and others. From an adverse judgment, plaintiff appeals. Affirmed.

Starnes & Howard, of Lubbock, for appellant.

R. A. Sowder, of Lubbock, for appellees.

HALL, C. J. This is an appeal from a judgment rendered by the district court of Swisher county, in a case originally filed in the district court of Briscoe county, and numbered 460 upon the docket of that court, and which was, by agreement of all parties, transferred to the district court of Swisher county for trial. The suit was filed in Briscoe county by appellant, Ruby, against D. H. Davis, Jesse F. Summers, and Eva Knight, residents of Lubbock county, and against S. L. and O. L. Cantwell, residents of the state of New Mexico, as defendants.

Subsequent to the institution of this suit in the district court of Briscoe county, the Silverton National Farm Loan Association, a corporation, sued Davis and wife, Jesse F. Summers, Eva Knight, S. L. and O. L. Cantwell, and the appellant herein, Ruby, said cause being numbered 464 upon the docket of said district court, in which the said association, as plaintiff, alleged that it was a corporation organized under the laws of the United States, and for cause of action against the defendants alleged, in substance, that on the 16th day of November, 1921, the defendants Davis and wife executed and delivered to the Federal Land Bank of Houston a certain amortization note in the sum of $5,000, payable to said Land Bank of Houston, which stipulated for interest at 6 per cent. per annum, payable semiannually, together with 3.25 per cent. of the principal of said note, together with attorney's fees if sued upon or placed in the hands of attorneys for collection. It is further alleged that the first semiannual payment became due on the 1st day of November, 1922; that thereafter another installment would mature the 1st day of May and the 1st day of November of each and every year until the whole sum evidenced by the note would be due, and that by reason of the execution of said note for $5,000 the said Davis and wife promised and became liable to pay the Federal Land Bank the whole amount of money in said note provided according to its tenor, reading and effect; that in order to secure the payment of said note, Davis and wife executed to H. M. Gossett, trustee for said Land Bank, a deed of trust, which was duly filed and recorded in the mortgage records of Briscoe county, conveying to said trustee the west half of section 202, block G. & M., in said county, described in the instrument by metes and bounds; that Davis and wife failed to pay the three semiannual installments provided in said note which matured November 1, 1922, May 1, 1923, and November 1, 1923; that the Federal Farm Loan Act provides that all loans made by the Federal Land Bank of a district shall be made

through the National Farm Loan Association, and upon the indorsement of said loan by a Farm Loan Association through which the application for the loan is made, and that in compliance with the requirements of said act Davis and wife made application to the Federal Loan Bank for said loan, which was approved; that upon the failure of defendants Davis and wife to pay the semiannual installments due upon their note when the same matured, the plaintiff association was required to pay said installments to the Federal Land Bank. Wherefore, defendants became liable to said association for said amounts, and that said association is now the owner and holder, and is entitled to collect, said semiannual installments, with 8 per cent. interest from and after their maturity, subject only to the first lien held by the Federal Land Bank securing the unpaid balance of said note. The association further alleged that the defendants Summers, Knight, Ruby, and the Cantwells are each claiming some kind of rights, liens, or equities in said tract of land, the nature of which plaintiff is not advised, but alleges that such rights claimed by said defendants are inferior to the rights of the plaintiff in said land, and that the claims of said defendants cast a cloud upon plaintiff's title.

The prayer is for citation, for judgment against all of the defendants for the amount of its debt, principal, interest, and attorney's fees and costs of suit, and for foreclosure against all of defendants of its said lien; for order of sale and for writ of possession, subject to the claim of the Federal Land Bank. Citation was duly issued and served upon the defendants Ruby, Summers, and Knight. Notice to serve nonresident defendants was issued and served by the deputy sheriff of Union county, N. M., upon O. L. and S. L. Cantwell. The record also shows that Davis and wife waived the issuance and service of citation and entered their appearance in writing as defendants.

In said cause No. 464, Ruby, the appellant in this proceeding, on April 8, 1924, filed his answer, and by cross-action alleged that on June 18, 1920, P. A. Jones and wife conveyed the half section of land in controversy to D. H. Davis; that as part of the consideration for said conveyance Davis executed to the grantors his five promissory notes 'in the principal sum of $2,640 each, providing for interest at 8 per cent. from maturity, with interest at 10 per cent. after maturity, and also providing for 10 per cent. attorney's fees; that said notes were payable October 15, 1921, 1922, 1923, 1924, and 1925, respectively, and each of the notes recited that a vendor's lien was retained in the notes and the deed to secure their payment. Said notes also contained the usual acceleration clause. Ruby further alleged that note No. 3 of the series, together with the lien securing the same, was assigned by Jones without re-

course before maturity to S. L. Cantwell, and in like manner assigned by S. L. Cantwell to O. L. Cantwell, who thereafter assigned it to Jesse Summers, and that Jesse Summers assigned said note to him for a valuable consideration before maturity. He further alleges that note No. 1 had been paid, that note No. 2 was owned by S. L. Cantwell, and that notes Nos. 4 and 5 were owned by Jesse Summers and Eva Knight; that note No. 3 is past due and unpaid, and though often requested, the defendant Davis has wholly failed and refused to pay the same or any part thereof, except the interest which had been paid on October 15, 1921; that by reason of Davis' failure to pay said note No. 3, he had placed the same in the hands of his attorneys for collection in this suit; that notes numbered 2, 4, and 5 held by S. L. Cantwell, Jesse Summers, and Eva Knight are entitled under the lien to be upon equal footing with note No. 3, provided they establish their claims in this action; that the claim asserted by plaintiff association is a prior lien to the series of notes held by him and his codefendants. He prays for judgment against Davis for the full amount of his note, principal, interest, and attorney's fees; for a foreclosure of his lien against all of the defendants, subject to the association's lien; that the land be sold and the proceeds applied, first, to the payment of costs, second, to the payment of plaintiff's debt, then to the payment of his debt. He further prays, in the alternative, that if his codefendants, Summers, Knight, and the Cantwells, establish their liens by cross-action, then that the proceeds of said sale, after the payment of plaintiff's debt, be prorated between him and his codefendants as their interests may be established. He did not pray that citation be issued and served upon his codefendants, and none was issued or served.

On the 8th day of April, 1924, judgment was rendered, which recites that the association and the appellant, Ruby, appeared through their attorneys and announced ready for trial, but the defendants, Summers, Knight, O. L. and S. L. Cantwell, though duly and legally cited, failed to appear and answer and wholly made default; that Davis and wife had waived citation and entered their appearance. It further recites that the plaintiff shall have judgment for the amount of its claim against Davis, and decrees its lien to be superior to any right, title, demand or claim asserted by any of the defendants, but that plaintiff's indebtedness is subject to and inferior to the original note for $5,000.00, payable to the Federal Land Bank. The judgment further recites:

"The court further finds and is of the opinion that the defendant Durward Hulin Davis is justly indebted to the defendant Martin S. Ruby in the sum of $2,637.94, * * * and that said

Ruby has a valid· and subsisting lien on the above-described land to secure said note, subject to. the claim of the plaintiff and the Federal Land Bank, and that said lien of· defendant Martin S. Ruby is superior to any right, title, or claim of the other defendants, Durward H. Davis and wife, Stella Ethel Davis, S. L. Cantwell, O. L. Cantwell, Mrs. Eva Knight, a feme sole, and Mrs. Jesse ·F. Summers, a feme sole, and that he is entitled to a foreclosure of said lien, and that ·any surplus remaining, after the payment of plaintiff's judgment herein and costs, be applied by the sheriff making the sale to the discharge of said defendant Martin S. Ruby's debt hereinabove established, and that said defendant Martin S. Ruby is entitled to recover of and from all the other defendants herein all costs incurred herein by reason of the establishment of said debt and foreclosure of his said. lien."

The land was decreed to be sold subject to 'the claim of the Federal Land Bank, and the officer executing. the order of sale was ordered to pay off first the plaintiff's debt, and with the ·balance of the proceeds of said sale, if any, to pay the amount due Ruby, "and that the ·purchaser at said sale take said land free and clear· of any and all right, title, claim, or demand. of the defendants and all of them, and if said· land shall not sell for enough to pay off and satisfy this judgment, then said officer shall make the balance due as under execution." It was further decreed that the officer place the purchaser in·possession of the property within 30 days after the day of sale.

On June 2, 1924, Jesse F. Summers and Eva Knight filed their petition for writ of error in the district court of Briscoe county, together with their writ of error bond. payable to the association and to Ruby, with James I. Perkins, Jr., and F. L. McCrummen as sureties. Writ of error issued the same day which was served on Martin S. Ruby on June 3, 1924, by the sheriff of Lubbock county. Citation in error ·was also issued and served. the · 2d day of June, 1924, upon the Farm Loan Association, and a writ of supersedeas issued and served on the same day. The writ of error proceedings in said cause No. 464 were filed in this court and dismissed by the order of this court on December 10, 1924, and a rehearing denied January 14, 1925. (Tex. Civ. App.) 268 S. W. 223.

A writ of error was prosecuted from the judgment of this court which was dismissed by the Supreme Court for want of jurisdiction on February 25, 1925. This court dismissed the writ of error from the district court because it appeared that Davis and his wife were the owners of the land and were interested adversely to the other parties and had not been made parties to the writ of error proceedings.

The foregoing is a brief statement of the history and proceedings of cause No. 464, which, as stated, was filed in the district court of Briscoe county on March 11, 1924,

and in which the judgment was rendered on April 8, 1924.

The petition in the instant case, No. 460 on the docket of the district court of Briscoe county, was filed November 23, 1923. The amended petition for the purpose of making new parties was filed in said court February 28, 1924, after the case, by agreement of the parties, was transferred to the district court of Swisher county. The trial was postponed and the case was not tried until the December term, 1924, after judgment had been rendered by the district court of Briscoe county in cause No. 464 on the 8th day of April, 1924.

The appellant's petition in cause No. 460 sets up substantially the same facts as are found ·in his cross-action in cause No. 464. Neither the Farm Loan Association nor Mrs. Davis were made parties in cause No. 460. Defendants Summers, Knight, and S. L. Cantwell filed their answers in No. 460, and by cross-action sought recovery upon the several notes held by them respectively. O. L. Cantwell, who owned none of the notes, answered by general demurrer and general denial, praying that he be discharged with his costs.

The court decreed that plaintiff and the defendants Summers, Knight, and S. L. Cantwell recover the full amount of their respective notes ·against Davis, and that Jesse Summers and Eva Knight recover of Davis the sum of $175 each, evidenced by interest coupons which Davis owed the Federal Loan Bank, and which Summers and Knight had been forced to pay to protect their interests. The lien was foreclosed upon the land in question, subject to the indebtedness of the Farm Loan Association and the Federal Land Bank, and the property was ordered sold subject to such prior claims.

[1-3] The first contention under appropriate propositions is that because the judgment in cause No. 464 decrees the Farm Loan Association to be the holder of a superior lien, it was error for the court to give the defendants judgment and foreclose the vendor's lien securing the same, in this action, and that the district court of Swisher county had no authority to set aside or modify the judgment rendered in cause No. 464 upon collateral attack made upon it in this action. When· the notes were offered in evidence, appellant objected upon the ground that the deed was the best evidence of the existence of the lien given to secure them. The notes themselves recite that the lien is retained in the notes and in the deed, and they sufficiently describe the ·land for which they were given and upon which the lien was retained. They were therefore not secondary evidence, but were admissible as original evidence to prove the facts recited. Fant v. Wicks, 10 Tex. Civ. App. 394, 32 S. W. 126. The judgment in cause No. 464 in favor of Ruby against his codefendants was absolute-

ly void, because said codefendants had no notice, as required by the statute, of his cross-action. It is true that the judgment recites that all the defendants had been duly cited, and made default; but the record before us shows that Ruby's cross-action against his codefendants was filed on the same day that the judgment was taken. We must therefore conclude that the recital of service relates only to process issued upon the plaintiff's petition. It has been held, in cases where judgment had been rendered by default in favor of one defendant against his codefendants upon a cross-action filed the same day in which the judgment was taken, that the appellate court will presume that no citation was served upon the defaulting defendants as required by statute, because legal service could not be obtained, and that therefore the judgment was void and could be collaterally attacked upon that ground. Roller v. Ried, 87 Tex. 69, 26 S. W. 1060; McGowan v. Lowry (Tex. Civ. App.) 230 S. W. 465; Bryson & Hartgrove v. Boyce (Tex. Civ. App.) 92 S. W. 823; Wood v. Love (Tex. Civ. App.) 190 S. W. 235; Mayhew & Co. v. Harrell, 57 Tex. Civ. App. 509, 122 S. W. 957; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Twichell v. Askew (Tex. Civ. App.) 141 S. W. 1072; Breneman v. Beaumont Lumber Co., 12 Tex. Civ. App. 517, 34 S. W. 198; Simon v. Day, 84 Tex. 520, 19 S. W. 691; Crain v. Wright, 60 Tex. 515.

[4] The judgment in cause No. 464, in so far as it attempts to establish appellant's lien as superior to that of his codefendants, is a nullity, and it is only valid in so far as it establishes the superiority of the claims of the plaintiff in that judgment, the Farm Loan Association. It in no way affects the rights of the several holders of the series of vendor's lien notes given by Davis, and is not res judicata of the issues between the parties in this suit. It is true that Jesse Summers and Eva Knight endeavored to bring cause No. 464 to this court by writ of error proceedings, but the case was not considered upon its merits. The judgment of this court in that case (268 S. W. 223) simply dismissed the writ of error proceedings without considering the merits of the case. The plaintiffs in error, therefore, are not estopped from proceeding to judgment in this case by an unsuccessful attempt to prosecute their writ of error in 464 under the rule of election of remedies.

[5] By their answers and cross-action defendants prayed for an equitable adjustment of proceeds of the sale of the land amongst all of the lienholders in the suit, and for such other relief as may be proper. We think this prayer is a sufficient basis for the judgment rendered by the court in their favor, especially when considered with reference to the relief sought by the appellant. Hennessy v. Clough (Tex. Civ. App.) 40 S. W. 157; Texas Co-op. Inv. Co. v. Clark (Tex. Civ. App.) 212 S. W. 245; Gutheridge v. Gutheridge (Tex. Civ. App.) 161 S. W. 892.

[6] Appellant contends that because Mrs. Davis executed the original note of $5,000 and the interest coupons for $175 and the deed of trust given to secure them together with her husband, she was a necessary party to this suit. We cannot assent to this proposition. It does not appear that the debt or any part of it was for necessaries, or that it grew out of, or is connected in any way with, her separate estate. On the contrary, the presumption from the record is that it is simply a community debt. There is no issue of homestead in the case. She may have been a proper party, but was not a necessary party to the suit. Cooley v. Miller (Tex. Com. App.) 228 S. W. 1085; Chandler v. Young (Tex. Civ. App.) 216 S. W. 484; Collett v. H. & T. C. R. Co. (Tex. Civ. App.) 186 S. W. 232; Burk v. Purifoy, 21 Tex. Civ. App. 202, 50 S. W. 1089; Walling v. Hannig, 73 Tex. 580, 11 S. W. 547.

The judgment is affirmed.