**MURCHISON et al. v. DAVIS.   (No. 2140.)**

Court of Civil Appeals of Texas. El Paso.
March 8, 1928.

Supplemental Opinion. March 29, 1928.

1. **Bills and notes** ⚖⇒516—**In indorsee's action on note indorsed to secure loan, judgment against one indorser, to whom loan was not made, not supported by pleadings or evidence, held error.**

In action on note indorsed to plaintiff to secure loan made to one indorser, judgment against another indorser and payee to whom loan was not made, not supported by pleadings or evidence, *held* error.

2. **Limitation of actions** ⚖⇒27—**Oral promise to repay loan secured by blank note held barred by two-year statute of limitations.**

Oral promise to repay loan, although borrower indorsed in blank note payable to him and another as security for loan *held* barred by two-year statute of limitations.

3. **Limitation of actions** ⚖⇒27—**Notation on note indorsed as security for loan held not to take oral promise to pay loan out of two-year statute of limitations.**

Indorsement in blank on note payable to borrower and another, "Interest has not been paid to 4/14/1921—Date of execution to Dr. Z. E. D. This note is collateral for a Loan of $800.00 due 4/18–1922"—*held* merely to evidence pledge contract, and fact that interest had not been paid to specified date, and not to constitute contract of borrower to pay loan so

as to take oral promise to pay loan out of two-year statute of limitations.

**4. Limitation of actions** ☞167(1)—**That debt secured by pledge of note was barred held not to affect pledgee's right to sue makers.**

Although debt, to secure payment of which note was pledged, had become barred by two-year statute of limitations, such bar did not affect right of pledgee to maintain action on pledged note against makers thereof, such bar affecting only remedy against borrower.

**5. Trial** ☞350(4)—**Under evidence, refusal to submit whether maker instructed application of payment to his note held error.**

In action on note under evidence that plaintiff had placed with collector certain notes and accounts against maker of note in question, and that maker had paid such agent money with certain instructions as to application thereof, refusal to submit to jury issue as to whether maker at time of payment to collecting agent instructed him to apply part thereof to his note, which had been pledged to plaintiff as security, *held* error.

**6. Trial** ☞350(4)—**Refusal to submit issue whether plaintiff suing on note knew of maker's instructions to collecting agent to apply payment to note held error under evidence.**

In action on note under evidence that plaintiff had placed with agent for collection certain notes and accounts against maker of note in question, and that maker had paid agent money with instructions to apply part of it to note in question, refusal to submit to jury issue whether plaintiff knew of such instruction by maker *held* error.

**7. Payment** ☞38(1)—**Party making payment on notes and accounts held entitled to apply part thereof on certain note pledged by payee.**

Maker of note paying certain notes and accounts placed in hands of agent for collection by holder of note *held* to have right in making payment to agent to direct that part thereof should be applied to note in question.

**8. Principal and agent** ☞171(6)—**Indorsee of note, informed of maker's payment to his collecting agent with instructions to apply part to note, was put to election of complying therewith or restoring collection, and, on retaining proceeds, ratified such collection on condition.**

Where indorsee of note pledged to secure loan placed with agent for collection certain notes and accounts against maker of note, and accepted payment made to agent when it came to his knowledge that payment had been made with instructions to apply part to note pledged, he was put to election of complying with such condition or restoring to maker payment which his agent was claimed to have been unauthorized to accept, and his retention of proceeds ratified agent's alleged acceptance of payment and bound him to comply with maker's instructions as to application.

*Supplemental Opinion.*

**9. Appeal and error** ☞1173(2)—**Reversing judgment on note as to maker who did not appeal held error.**

In action on note, reversing judgment as to maker thereof who did not appeal *held* error.

**10. Appeal and error** ☞1185—**Appellate court discovering error in its judgment should correct it, although motion for rehearing was not filed or tendered.**

Appellate court discovering error in its judgment should correct it, although no motion for rehearing was filed or tendered.

Appeal from District Court, Menard County; J. H. McLean, Judge.

Action by Z. E. Davis against Lee Murchison, W. K. Murchison, Irve Ellis, and Bud Ellis. Action dismissed as to defendant Bud Ellis. From a judgment for plaintiff, defendants Lee Murchison and W. K. Murchison appeal. Affirmed as to defendant Irve Ellis; reversed and rendered in favor of defendants Lee Murchison and W. K. Murchison.

Flack & Flack and Frank Hartgraves, all of Menard, for appellants.

J. H. Baker, of San Saba, and Jno. Davenport, of Wichita Falls, for appellee.

HIGGINS, J. On April 14, 1921, appellee, Davis, loaned appellant Lee Murchison $800. To secure payment of the debt Lee and W. K. Murchison indorsed in blank and delivered to Davis a promissory note in their favor for the sum of $1,708.37, executed by Bud and Irve Ellis, due April 18, 1922. Upon the back of this note appears this indorsement, viz.:

"Interest has not been paid to 4/14/1921—Date of execution to Dr. Z. E. Davis. This note is collateral for a Loan of $800.00 due 4/18 –1922."

This suit was brought October 6, 1924, by Davis against the Murchisons, Bud and Irve Ellis, judgment being prayed against Lee Murchison for said sum of $800 and against W. K. Murchison, Bud and Irve Ellis for the principal, interest, and attorney's fees due upon above-mentioned note, the same when collected to be applied to the judgment against Lee Murchison and the balance paid over to Lee and W. K. Murchison. As to Bud Ellis the suit was dismissed.

Two issues were submitted as follows:

"First. Does the indorsement on the back of the note for $1,708.37, introduced in evidence, in connection with the facts and circumstances in evidence before you, constitute a written contract by Lee Murchison and W. K. Murchison to repay to Z. E. Davis the $800 borrowed from him on April 18, 1922?

"Second. Was the $800 borrowed by Lee Murchison from Z. E. Davis a part of the $1,800 of the items placed by Z. E. Davis in the hands of Fred E. Knetsch for collection against Irve Ellis?"

The first issue was answered in the affirmative; the second in the negative.

Judgment was rendered in favor of plaintiff against the Murchisons for $800 with accrued interest and against Irve Ellis for the amount due upon the note, to be applied as prayed in the petition.

[1] There is no basis in the pleadings or the evidence for the judgment rendered against W. K. Murchison. The $800 loan was made to Lee Murchison. The petition so alleges and the evidence so shows.

It seems from the first issue submitted the case was tried by the trial court upon the theory that the notation upon the back of the Ellis note constituted a contract upon the part of the Murchisons to repay the $800 borrowed by Lee Murchison; but such is not its nature, nor does the petition declare upon it as such, nor does it seek relief against W. K. Murchison upon any such theory.

The only liability upon the part of W. K. Murchison suggested by the pleadings or the evidence is that of indorser upon the Ellis note, and there is neither plea nor evidence that such liability had been fixed as by law required.

[2] The loan to Lee Murchison and his promise to repay same was not evidenced by any contract in writing, and his plea of the two-year statute of limitations was well taken.

[3] The notation upon the back of the Ellis note was not such a contract. Such notation merely evidenced the pledge contract and the fact that interest had not been paid on the note to 4/14–1921.

[4] While the debt, to secure the payment of which the note was pledged, had become barred, such bar did not affect the right of the pledgee to maintain an action upon the pledged note against the makers thereof. 21 R. C. L. 659; Jones on Collateral Securities (3d Ed.) § 583. The bar of the statute affects only the remedy by court action against Lee Murchison.

This brings us to a consideration of the case as it affects the liability of Irve Ellis to the plaintiff upon the note. The contention of Ellis is that he made a payment to be applied upon such note sufficient in amount to liquidate the Murchison debt.

[5, 6] The second issue submitted related to this question which arises upon facts as follows: Plaintiff placed with Fred E. Knetsch for collection certain notes and accounts against Irve Ellis. The plaintiff testified, and there is other testimony to the same effect, that the pledged note was not among those so placed. Ellis paid to Knetsch $1,980, with instructions to apply the same to the payment of two notes held by plaintiff, one for $525, one for $350, and the balance on the pledged note to the extent of the amount of the loan made to Lee Murchison, and with further instructions to Knetsch not to pay the money to plaintiff unless the latter surrendered the pledged note. Later Knetsch paid the money to plaintiff, less his charges. There is evidence that he was coerced so to do by plaintiff.

Defendants requested the court to submit the issue of whether Ellis, at the time he made the payment to Knetsch, instructed the latter to apply a part of the payment to the payment of the Lee Murchison indebtedness of $800; also requested submission of the issue of whether plaintiff knew of such instructions at the time Knetsch paid him said $1,980.

[7] It seems this phase of the case was tried by the lower court upon the theory that such instructions were not binding upon plaintiff unless the collection of the Murchison debt had been intrusted to Knetsch. But whether Knetsch was authorized to collect the Murchison debt is immaterial. In making payment Ellis had the right to apply the same in part upon the pledged note held by Davis. While Knetsch may not have been authorized to receive such payment, his act in so doing would be ratified by Davis, if the latter in accepting the collection from Knetsch did so with knowledge of the instructions given by Ellis at the time the latter made the payment.

Under all the facts and circumstances disclosed by the record, the jury would have been authorized in finding that plaintiff accepted the collection from Knetsch with knowledge of the instructions and conditions upon which Ellis made the payment to Knetsch.

[8] Indeed, it is immaterial whether plaintiff had such notice or not at the time he received the collection from Knetsch. According to plaintiff's theory, Knetsch was not authorized to collect the pledged note, but his unauthorized act in so doing must be held to have been ratified by the plaintiff accepting the collection and retaining same. Plaintiff cannot accept and retain the benefit of the unauthorized collection without assuming the conditions upon which the same was made. American Nat. Bank v. Cruger, 91 Tex. 446, 44 S. W. 278; Campbell v. Jenkins (Tex. Civ. App.) 34 S. W. 673; Merchants' Nat. Bank v. McAnulty (Tex. Civ. App.) 31 S. W. 1091; Id., 89 Tex. 124, 33 S. W. 963; Fort Worth, etc., v. Hitson & Reed, 80 Tex. 216, 14 S. W. 843, 16 S. W. 551.

When it later came to the plaintiff's knowledge that the payment had been made with the instructions and upon the condition stated, he was put to the election of complying therewith or restoring to Ellis the unauthorized collection made by his agent.

The court erred in refusing to submit the requested issues.

The matter presented by the first assignment will not recur.

All other questions presented are sufficiently covered by the rulings made.

Reversed, and rendered in favor of Lee and W. K. Murchison; reversed and remanded as to Irve Ellis.

### Supplemental Opinion.

No motion for rehearing has been filed in this case, but immediately after the main opinion was handed down it was discovered that Irve Ellis did not sign the appeal bond, a fact overlooked by us in the original con-

sideration of the case. Appellants' brief appeared to be for all defendants in the case.

[9] It was error to reverse as to Irve Ellis, who did not appeal. Sullivan v. Doyle, 108 Tex. 368, 194 S. W. 136.

[10] The error having been discovered it is our duty to correct the same, although no motion for rehearing has been filed or tendered.

The judgment heretofore rendered by this court is therefore set aside, and the judgment of the lower court against Irve Ellis is now affirmed, and, as to Lee and W. K. Murchison, reversed and rendered in their favor.

Affirmed in part; reversed and rendered in part.