### D. R. FANT v. EUGENIA A. T. WICKES.

#### No. 598.

1.  **General Demurrer—Allegation as to Ownership of Notes.**—Where a widow sues upon notes executed to her late husband, and alleges, that as such surviving wife she is the owner and holder of the same, such allegation is sufficient upon general demurrer.

2.  **Evidence—Foreclosure—Vendor's Lien Notes.**—Where suit is brought upon vendor's lien notes, which show that they were given for the purchase money for land, which they fully describe and upon which they expressly reserve a lien, such notes are sufficient evidence, without the introduction of the deed, upon which to enter a proper decree of foreclosure.

3.  **Community Property, Presumption as to—Promissory Notes.**—Notes possessed at the time of the husband's death are presumed to belong to the community estate, unless the contrary is shown, and where it does not appear that the deceased left a child or children, the notes go to the surviving wife.

4.  **Promissory Notes, Maturity of—Failure to Pay Interest.**—Where it was stipulated that interest on notes was to be paid semi-annually, and that failure to pay it when due would mature the notes, it was properly held, that the notes matured upon default in payment of the interest.

APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*Ogden & Harwood,* for appellant.

*Simpson & Onion,* for appellee.—It is immaterial from what cause a note becomes due and payable, so far as the right of the holder to enforce its collection by suit is concerned.    Machine Works v. Reigor,

64 Texas, 90; Stansell v. Younger, 64 Texas, 666; Morrill v. Hoyt, 83 Texas, 59.

NEILL, ASSOCIATE JUSTICE.—On July 11, 1894, the appellee sued appellant on four promissory notes described in our conclusion of facts. In her petition she alleged, "that she is the surviving wife of E. D. L. Wickes, now deceased, and as such surviving wife is now the owner and holder" of the notes sued on. Judgment was asked for the amount due, and for a foreclosure of the vendor's lien expressly reserved in the notes.

The defendant (appellant) in his answer interposes (1) a general demurrer; (2) a general denial; (3) a special plea, in which he averred that since the alleged default in the payment of the semi-annual interest upon the notes, the plaintiff agreed with him that if he could pay the interest on the notes after such default, the default would be waived, and that thereafter, in accordance with such agreement, he tendered the amount of interest due to plaintiff's agent, but that such agent refused to accept it. In such plea he tendered plaintiff the amount of interest due, together with interest thereon from the date such interest became due, and further tendered her an attorney's fee for bringing the suit of not exceeding $200, and all costs of suit. The demurrer was overruled, and a judgment was rendered upon a verdict for the amount due on the notes, with a foreclosure of the lien upon the land for which they were given, from which judgment this appeal is prosecuted.

*Conclusions of Fact.*—On the 7th day of January, 1887, the appellant executed to E. D. L. Wickes his four certain promissory notes for $5500 each, payable respectively one, two, three, and four years from that date. That, except as to the time of payment, all of said notes were of like tenor and effect as the one of which a substantial copy is here inserted:

"$5500.00.                    "SAN ANTONIO, TEXAS, January 7, 1887.

"On January 7, 1888, after date, for value received, I promise to pay to the order of E. D. L. Wickes, at the office of O'Connor & Sullivan, in San Antonio, Bexar County, Texas, the sum of $5500, with interest thereon at the rate of 6 per cent per annum from the date hereof until paid, and 10 per cent attorney's fees should judicial proceedings be used in collecting.

"This note is given in part payment of the purchase money for five (5) leagues of land in Hidalgo County, Texas, known as 'Santa Quiteria,' patented to hrs. of Jos. H. Devine, decd., as assignee of Ramon C. Guerra, patent No. 530, vol. 20, this day deeded to me by E. D. L. Wickes, and for payment hereof, together with the interest hereon, according to the tenor and reading hereof, a vendor's lien is hereby acknowledged.                    [Signed]      "D. R. FANT."

Upon all of the notes are indorsed payments of the interest due up to January 7, 1893, and upon the one copied, a payment of $3000 on February 20, 1892. And on each of them except the one inserted, there is the following indorsement, viz: "February 20, 1892. The payment of the within note is extended to January 7, 1895, with privilege of two years longer, bearing interest payable at the rate of 8 per cent per annum from January 7, 1892, interest payable semi-annually. The amount of $5500 I acknowledge to be a just debt, and promise to pay the same on January 7, 1895. Default in the payment of interest will mature this note. [Signed] D. R. Fant." And on the one above copied there is the same indorsement, except that $2500 is the amount stated due.

E. D. L. Wickes died in June, 1893, leaving his wife, who is the appellee, his mother, a brother, and sisters surviving. The record does not show when E. D. L. Wickes and appellee married, but it discloses the fact that there was no issue of their marriage.

No interest on any of the notes was paid; nor was any actually tendered, until on the trial in the District Court, after January 7, 1893. But on the trial the appellant's attorney tendered the amount of interest due on the notes, with interest on the interest from the time it became due, with costs of suit, and an attorney's fee of $200, which appellee refused to accept.

*Conclusions of Law.*—1. It is argued by the appellant that the court erred in overruling his demurrer to the plaintiff's petition, because the petition alleges that she is the surviving wife of E. D. L. Wickes, and as such surviving wife, is the owner and holder of the notes sued on; and that the fact that she is the surviving wife does not necessarily constitute her the owner and holder of the notes. As has been seen from our statement of the case, this point was not raised by a special demurrer; and as to whether it would be good on such demurrer we need not determine. But certainly there can be nothing in it when raised by a general demurrer; for upon it every reasonable intendment must be indulged in favor of the petitioner. Rules of District Courts, 17; Pennington v. Schwartz, 70 Texas, 212.

2. The court admitted in evidence, over objections of appellant, a certified copy of the deed from E. D. L. Wickes to appellant, conveying the land for which the notes were executed. The objections were, that such copy had not been filed among the papers of the cause three days before the trial, and that notice of its filing had not been given to defendant as required by statute, and that its execution and contents had not been proven in any manner recognized by the rules of evidence. It is not shown either by the bill of exceptions, nor anywhere else in the record, when the certified copy was filed among the papers. Plaintiff's amended original petition alleged the execution of a deed and notified the defendant to produce it on the trial, or that secondary evidence of its contents would be offered. The petition

was filed on the 8th day of November, 1894, nearly a month prior to the trial. The copy was only admissible by force of the statute. Rev. Stats., art. 2257. The defendant was the proper custodian of the deed, and he had notice to produce it. It was not necessary that plaintiff should make affidavit that she could not produce it. Pennington v. Schwartz, supra. If, then, as is held in the case just referred to, the copy was filed within the required time, there was no error in the court's admitting it in evidence. It not appearing from the record when the copy was filed, it may be that the presumption that the ruling of the court is correct, until the contrary is shown, should be indulged against this assignment. But in our opinion, so far as the merits of this case are concerned, it is unnecessary for us to pass upon this assignment at all. The only purpose of introducing the deed in evidence was to show that the notes sued on were given for the purchase money of the land, and to so describe the land as to enable the court to enter a proper decree of foreclosure. And as the notes themselves showed that they were given for the purchase money and expressly reserved a lien on the land, which was fully described in them, to secure their payment, it was unnecessary to introduce the deed in evidence; for the notes, in our opinion, were original evidence, and showed the necessary facts as well as the deed. Behrens v. Dignowity, 4 Texas Civ. App., 199. If, however, they were no more than secondary evidence, as there are no degrees in secondary evidence, they were as good evidence as the certified copy of the deed, which was itself only secondary.

3. It was not shown whether the land for which the notes were given was acquired before or during the marriage of E. D. L. Wickes and appellee; and as they possessed the notes when the marriage was dissolved by the death of the husband, they must be regarded as their common effects or gains, the contrary not having been shown. Rev. Stats., art. 2853. And as it does not appear that the deceased left a child or children surviving him, the notes, being community property, went to appellee as surviving wife. Rev. Stats., art. 1653.

4. The payment of the interest on the notes semi-annually, and the stipulation that they would mature upon appellant's failure to so pay it, were of the considerations upon which the time of their payment was extended, and as the interest was not paid as agreed by appellant, nor tendered by him when due, the notes had matured when the action was brought. Therefore the plaintiff was entitled to judgment on them, with a foreclosure of her lien; and as there is no error in the proceedings through which it was obtained, it is affirmed.

*Affirmed.*

Delivered April 24, 1895.

JAMES, Chief Justice, did not sit in this case.