## SHEARER v. CHAMBERS COUNTY.

(Court of Civil Appeals of Texas. Galveston. June 27, 1913. Rehearing Denied Oct. 9, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERRORS — PROPOSITION ACCOMPANYING THE ASSIGNMENT.

A proposition that a maker of a note has all of the day upon which the note matures to pay it, and where the payee does not exercise his option to declare the note due until the suit is filed, the suit was prematurely brought, is not germane to an assignment of error that the petition did not show that the plaintiff properly exercised the option to mature the note.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. BILLS AND NOTES (§ 468*)—CONSTRUCTION —TIME OF MATURITY—DEFAULT ON INTEREST PAYMENTS.

Where a note provided that default in the payment of interest should, at the option of the holder, mature the note, the holder was not required to give any notice of the exercise of his option prior to the filing of the suit, which constituted sufficient notice of that fact, and an allegation in the petition that he had exercised his option was unnecessary.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1462, 1463; Dec. Dig. § 468.*]

3. BILLS AND NOTES (§ 489*)—PETITION—EXERCISE OF OPTION TO MATURE.

An allegation that the plaintiff "has and here now exercises its option" to declare a note due is sufficient to entitle the plaintiff to prove that that option had been exercised before the suit was filed, if such proof were necessary.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

4. APPEAL AND ERROR (§ 934*)—PRESUMPTION —PROOF NECESSARY TO SUPPORT JUDGMENT.

Where there is no statement of facts in the record, it must be presumed that proof was made of the exercise of the option, if such proof was necessary to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

5. COSTS (§ 260*)—APPELLATE COSTS—DAMAGES—APPEAL FOR DELAY.

Where one who defaulted in an action to foreclose a vendor's lien note thereafter brought error on the ground that the petition was not sufficient, in that it failed to show that the plaintiff had exercised its option to declare the note due for default in interest, the question was not so trivial as to indicate that the writ of error was taken only for delay, and damages will not be awarded to the defendant in error.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Error from District Court, Chambers County; L. B. Hightower, Judge.

Action by Chambers County against T. W. Shearer. Judgment for the plaintiff, and defendant brings error. Affirmed.

Stevens & Stevens, of Liberty, for plaintiff in error. A. W. Marshall, of Anahuac, for defendant in error.

PLEASANTS, C. J. This suit was brought by Chambers County against the plaintiff in error to recover on a note for $2,685, and to foreclose a vendor's lien upon land described in the petition. The note sued on bore date June 10, 1907, and was due and payable 10 years after date, with interest from date at the rate of 6 per cent. per annum, payable annually in advance on August 1st of each year, and provided for an additional 10 per cent. attorney's fees in case the note was not paid at maturity and was placed in the hands of an attorney for collection. It is also provided in said note that default in the payment of any installment of interest that might become due thereon should, at the option of the holder, mature said note, and the principal thereof should become due and payable. The petition, which was filed on July 12, 1912, alleges that defendant had failed and refused to pay interest that became due on said note August 1, 1911, "and that plaintiff has and here now exercises its option as provided in said note, and declares the principal and all interest and attorney's fees due on said note due and payable." The defendant was duly served with citation, but failed to appear and answer the suit and judgment by default was rendered against him for the full amount of principal and interest due upon said note and 10 per cent. attorney's fees, as provided in the note, and foreclosure of the vendor's lien.

[1] The only assignment of error presented in the brief of plaintiff in error is as follows: "The court erred in rendering judgment against the defendant for the reason that it is not shown in plaintiff's petition that the plaintiff properly exercised the option to mature the note sued upon." The proposition under this assignment is as follows: "The maker of a note has all of the day of its maturity within which to pay it, hence suit cannot be legally instituted upon a note until the day after its maturity; and, since no attempt was made to exercise the option of maturing the note until at the time and upon the day of filing suit, the suit was therefore brought prematurely, and the judgment should be reversed and remanded." This proposition is not germane to the assignment, and presents a question not raised by the assignment. The error complained of by the assignment is not the premature filing of the suit, but the failure of the petition to show that the plaintiff had properly exercised the option to mature the note. The question presented by the proposition is different and distinct from that presented by the assignment and cannot be considered as raised by the assignment. For that reason neither the assignment nor the proposition is entitled to consideration.

[2] But, waiving the imperfect manner in which the question is presented, we are of opinion that there is no merit in the contention that the suit was prematurely brought. The plaintiff was not required to make any

declaration or give any notice of its intention to exercise its option to consider the note matured in accordance with its terms, upon the failure of the defendant to pay the interest when it became due. The filing of the suit was all that was necessary to show that plaintiff had exercised its option in this matter, and it was unnecessary for the petition to allege that "plaintiff has and here now exercises its option and declares the principal and all interest and attorney's fees due on said note due and payable." Luzenberg v. Loan Association, 9 Tex. Civ. App. 261, 29 S. W. 237; Fant v. Wickes, 10 Tex. Civ. App. 394, 32 S. W. 126.

[3] The allegations in the petition that plaintiff "has and here now exercises its option" is certainly not conclusive that plaintiff had not determined to bring the suit for the whole of said debt prior to the day on which the suit was filed; and, if it was necessary for plaintiff to prove that fact, it could have done so under this allegation of the petition.

[4] There being no statement of facts in the record, if proof of this fact was necessary to support the judgment, it must be presumed that such proof was made.

[5] Defendant in error has filed a motion asking that the judgment of the court below be affirmed with 10 per cent. damages for delay. We do not think the question attempted to be presented by plaintiff in error is so trivial as to justify the conclusion that the writ of error was not sued out in good faith and in the honest belief that the judgment should be reversed, but only for the purpose of the delay.

The judgment of the court below will be affirmed, without damages.

Affirmed.