## SOUTHERN PLOW CO. v. DUNLAP HARDWARE CO. (No. 8374.)

(Court of Civil Appeals of Texas. Dallas. April 24, 1920.)

Venue  &#9755;7—Where defendant agreed to make payment in county of plaintiff's residence, suit may be brought there.

Where a contract for the sale of farm machinery required the defendant, purchaser, in a case of breach to pay liquidated damages at Dallas in the place of the seller's residence, the courts of that county have jurisdiction under the provision of Rev. St. 1911, art. 1830, declaring that, where a person has contracted in writing to perform an obligation in any particular county, suit may be brought in such county or where defendant has his residence; hence defendant was not entitled to have the suit removed to the county of his residence.

Appeal from Dallas County Court; W. F. Thornton, Judge.

Action by the Southern Plow Company against the Dunlap Hardware Company. From a judgment sustaining defendant's plea of privilege and ordering the action transferred, plaintiff appeals. Reversed and remanded.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Spence, Haven & Smithdeal, E. B. Stroud, Jr., and Alex. W. Spence, all of Dallas, for appellee.

RAINEY, C. J. Appellant's brief states the case correctly, and is as follows:

"Appellant, herein styled plaintiff, sued appellee, herein styled defendant, in the county court of Dallas county at law, No. 2, to recover the sum of $537.31 as agreed and liquidated damages, for the breach of a written contract entered into between the parties, for the sale by plaintiff and purchase by defendant of certain machinery described in plaintiff's petition, together with interest at the rate of 8 per cent. per annum from May 29, 1919, and 10 per cent. attorney's fee.

"Defendant in due time filed its plea of privilege to be sued in Deaf Smith county, the county of its residence, and subject to said plea filed its answer, consisting of general demurrer and general denial. Plaintiff in due time filed its controverting plea to defendant's plea of privilege, setting forth that defendant had contracted in writing to pay to plaintiff the damages sued for at Dallas, Tex., and that therefore the trial court had jurisdiction over the person of the defendant.

"The cause was tried September 19, 1919, upon the issue raised by the plea of privilege and the controverting affidavit, and the trial court sustained the plea and ordered the suit transferred to the county court of Deaf Smith county, Tex."

Appellant and appellee entered into a contract whereby appellant agreed to sell to ap-

pellee certain implements and machinery, and which appellee agreed to purchase for the aggregate price of $2,686.50. Said contract contained this further provision:

"If the undersigned purchaser cancels this contract or any part of it, or causes shipment to be held beyond the present season the undersigned purchaser agrees thereupon to pay at Dallas, Texas, to the Southern Plow Company as agreed liquidated damages, 20 per cent. of the net amount of the goods so countermanded or caused to be delayed."

There are other provisions in the contract which we do not consider to be important in this controversy, and which will not be quoted.

Appellee resided and did business in Deaf Smith county, and the contention of appellant is that, as appellee had contracted in writing to pay the debt, it was governed by Rev. St. 1911, art. 1830 or article 2308, and that venue of appellee was not waived and said articles of the Revised Statutes apply under such facts.

We are of the opinion the learned trial judge in this case erred in changing the venue, and that the exception 5 to article 1830 applies. Said exception reads as follows:

"Where a person has contracted in writing to perform an obligation in any particular county in which case suit may be brought either in such county or where the defendant has his domicile."

The contract entered into binds appellee to pay for what he is liable in Dallas county. Appellee violated a plain provision of the contract, and it is liable under the law to be sued in Dallas county. The appellee obligated itself to pay in Dallas county, and we see no reason why it does not fall within the law as stated in exception No. 5, art. 1830. Plow Co. v. Biggerstaff, 185 S. W. 341; Cecil v. Fox, 208 S. W. 954; Parrott et al. v. Peacock Military College, 180 S. W. 133; Keller Co. v. Mangum, 161 S. W. 19; Newman v. Buffalo Pitts Co., 160 S. W. 657. Many other authorities might be cited, but enough have been cited to show that this state has been holding with above since an early date.

The lower court applied the principle to this case that was applied to insurance law where venue was made to depend on the company's by-laws fixed by amendment after the making of the contract between the parties as announced in Eaton v. International Travelers' Ass'n of Dallas, in 136 S. W. 817, and in International Travelers' Ass'n v. Branum, 212 S. W. 630. In the Eaton Case, just cited, the learned justice writing the opinion said:

"There is a cogent reason for permitting suits like this to be instituted in the county of the residence of the injured person; for in many instances it would be a virtual denial of the right to enter the courts at all, if a man could be required to sue in a court that might be, as in the case of a resident of El Paso county, for instance, hundreds of miles from his home. In laws as to the venue of suits, the individual citizen, and not the corporation, is favored. The right is a substantial one of fundamental importance to the citizen, and one which he cannot be deprived of by any authority, except that of the Legislature of the state of Texas. The right given by statute to sue corporations in certain counties would be of little benefit, if a creature of the law could repeal the statute and set up a by-law of its own in its stead.

"We recognize the fact that it has been held that future by-laws of an insurance society or association may, by agreement, be made a part of the policy issued by such society or association; but we are not willing to subscribe to the proposition that, under such agreement, by-laws in defiance of the laws of this state, and subversive of statutory rights of the policy holder, can enter into and form a part of such a general agreement to abide by future by-laws. On the other hand, we believe that a by-law, which seeks to deprive the policy holder of a substantial statutory right, is void, and cannot be made binding by a contract to abide by it.

"This question is fully discussed by Chief Justice Shaw, of the Supreme Judicial Court of Massachusetts, in Nute v. Hamilton Mutual Insurance Company, 72 Mass. (6 Gray) 174, and it was held that a provision of a by-law of a mutual fire insurance company, to which their policies are expressed to be subject, that any suit on a policy shall be brought in the county where the company is established, is not binding on the assured. The court said: 'The time within which money shall be paid, land conveyed, a debt released, and the like, are all matters of contract, and depend on the will and act of the parties; but, in case of breach, the tribunal before which a remedy is to be sought, the means and processes by which it is to be conducted, affect the remedy, and are created and regulated by law.' "

The principle announced in this case does not apply to the instant case, for the Legislature has made a law providing for venue in this case which was ignored by the court below, and which will cause a reversal in this case, and it is so ordered.

Reversed and remanded.