## MᶜCRAY REFRIGERATOR CO. v. SIMMS. (No. 7254.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 24, 1924. Rehearing Denied Jan. 21, 1925.)

**1. Contracts ⬚⇒209—Agreement to pay in certain county upon default in payments becomes part of contract upon default occurring.**

Where a contract contained agreement that "in default of two payments this account becomes payable in San Antonio," upon default being made in two payments the agreement to pay in San Antonio became a part of such contract.

**2. Venue ⬚⇒17 — Acceptance of default payments held not waiver· of agreement as to venue.**

Where contract, entered into by defendant, domiciled in T. county, contained agreement that "in default of two payments this account becomes payable in San Antonio," upon default in two payments ·venue in county wherein San Antonio was located became part of contract, and subsequent payment and acceptance of such default payments did not constitute an annulment of agreement as to venue, and hence defendant could not maintain his plea of privilege to be sued in T. county. .

**3. Bills and notes ⬚⇒129(2)—Limitation of actions ⬚⇒51(2)—Failure to declare maturity of whole series or acceptance of amount due after default may constitute waiver; limitations run from accelerated maturity.**

Where it is provided that, if first of series of notes is not paid upon maturity, the whole shall become due, upon such failure all notes become due at once, and limitation begins to run against whole debt, but where a declaration of maturity is necessary to mature whole of the series, failure to so declare or an acceptance of amount due after default might

constitute a waiver, but not if no action was demanded by payee.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by the McCray Refrigerator Company against W. E. Simms. From a judgment granting defendant's plea of privilege, plaintiff appeals. Reversed and rendered.

Victor Keller and Clifford Davis, both of San Antonio, for appellant.

J. D. Moore, of Austin, for appellee.

FLY, C. J. This is a suit on a promissory note and contract for $790, instituted by appellant against appellee. The latter pleaded his privilege to be sued in Travis county, which plea was controverted by appellant. The court granted the plea, and from the judgment to that effect this appeal has been prosecuted.

The facts are that appellee is a resident of Travis county, and resided there before, at the time and since this action was begun; that on March 3, 1922, he executed and delivered to appellant, a private corporation, a certain contract containing an agreement that "in default of two payments this account becomes payable in San Antonio, Tex." Appellee made default in three payments, due respectively February 22, 1923, March 22, 1923, and April 22, 1923. A lien was retained on certain goods and chattels in Travis county of the value of $350, and appellant sought to foreclose a lien given in the contract on said goods.

[1, 2] It is not alleged in the petition that there had been default in two payments, but in the controverting affidavit it was stated that appellee had got into arrears on three monthly payments due respectively on February 22, March 22, and April 22, 1923, and payment was made of the amounts due on April 28, 1923. Under the terms of the contract, when default was made in the payments of February and March, 1923, the agreement that "in default of two payments this account becomes payable in San Antonio, Tex.," became a part of the contract, just as much so as though it had been written in the contract, this amount is payable in San Antonio, Tex. Southern Plow Co. v. Dunlap Co. (Tex. Civ. App.) 221 S. W. 1020. Becoming a part of the contract, as it undoubtedly did, it was a part of the contract when this suit was instituted, unless it was removed from the contract by an acceptance after the default of the amounts due at that time. The promise to pay, in case of a failure to pay two installments, in Bexar county is positive, and unconditional; not dependent on any contingency whatever. There was no agreement, express or implied, upon the part of the appellant that, if the default payments were made before a suit was instituted the venue of the suit should not be changed. The default in the two payments caused the venue in Bexar county to be read into and become a part of the contract, and we can perceive no theory upon which a payment by appellee and an acceptance by appellant could be held to be an annulment of the agreement as to venue. The privilege to be sued in the county of the defendant's domicile is a precious one, but it is a personal privilege which can be surrendered by him to whom it belongs.

[3] It has been held a number of times that, when it is provided that if the first of a series of notes is not paid at maturity all of the notes shall become due, upon a failure to make such payment all the notes become due at once. Limitation would then begin to run against the whole debt. Of course, a different case would be presented if it became necessary for a declaration of maturity upon the part of the owner in order to mature the whole of the series. Such failure to so declare and acceptance of the amount due on the first note might then become a waiver. Not so, however, if no action was demanded by the payee by the contract. Fant v. Wickes, 10 Tex. Civ. App. 394, 32 S. W. 126; Lybrand v. Fuller, 30 Tex. Civ. App. 116, 69 S. W. 1005. In this case there is not a circumstance tending to show waiver of the contract venue.

The judgment is reversed and judgment here rendered overruling the plea of privilege and denying the change of venue.