## FISCHER v. WOOD.
### No. 10295.

Court of Civil Appeals of Texas. San Antonio.

May 11, 1938.

Rehearing Denied Aug. 3, 1938.

Terrell, Davis, Hall & Clemens, Ralph E. Cadwallader, Theo. F. Weiss, and Ross Madole, all of San Antonio, for appellant.

Conger, Low & Spears, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Otto Fischer in the County Court at Law No. 1, of Bexar County, on April 13, 1937, against W. L. Wood, Jr., seeking to recover the amount of principal, interest and attorney's fees provided for in a certain note for the original principal sum of $845, payable to A. J. Huffington and signed by W. L. Wood, Jr., and also for foreclosure of a chattel mortgage lien on one certain 1936 Packard 120 Touring Sedan.

Appellee, W. L. Wood, Jr., answered contending that the note was not due and that the suit was prematurely begun. He also asked damages for the unlawful suing out of two writs of sequestration. The trial was to a jury and upon their findings favorable to Wood judgment was entered in Wood's favor and against Otto Fischer, in the sum of $250 damages, for the wrongful suing out of the writs of sequestration, denying Fischer any recovery upon his note and mortgage, providing that said note and mortgage should remain in its original status and expressly overruling Fischer's motion for judgment non obstante veredicto. Otto Fischer has appealed from that judgment.

█ The first question with which we are confronted is whether or not the $845 note was due at the time suit was filed, on April 13, 1937. If the note was not due at the time suit was filed then unquestionably appellant, Fischer, would be liable to appellee, Wood, for any and all damages caused by the wrongful suing out of the writs of sequestration. On the other hand, if the note was due, then there could be no liability for the seizure of the automobile under the writs of sequestration, because appellant had a right, under the provisions of the chattel mortgage, to seize the automobile when the note became past due.

█ The note contained the provision: "Failure to pay any installment when due hereon shall mature all installments then unpaid." There was an installment of $40 due on the note on March 25, 1937, which was not paid when due; therefore, automatically and ipso facto, all the installments provided for in the note at once became due and payable. It will be noted that the note did not provide that the holder might have the option to declare the note due in case of default, but the provision is absolute and when there is a default the entire note becomes due, without the necessity of a declaration on the part of anyone. 6 Tex.Jr. § 79, p. 685; Harrison Machine Works v. Reigor, 64 Tex. 89; McCray Refrigerator Co. v. Simms, Tex.Civ. App., 268 S.W. 275; Manes v. Bletsch, Tex.Civ.App., 239 S.W. 307.

█ Appellee contends that by granting further time for the payment of the $40 installment, which became due on March 25, 1937, and by accepting a $40 Money Order on or about April 13, 1937, in payment of this installment, appellant became estopped and waived the maturity clause in the note. We overrule this contention. There is no intimation that there was any agreement to extend the time for the payment of this installment until after same was past due. Any extension agreement concerning one installment made after the entire note had matured could not have the effect to restore the note to the status of an unmatured note, in the absence of an agreement to that effect. Likewise, the acceptance of the $40, on or about April 13, 1937, was only the acceptance of a part of what was then due and payable under the provisions of the note and could not constitute waiver of, or estoppel to rely upon, the ipso facto maturing clause in the note. Yeary v. Smith, 45 Tex. 56; Krueger v. Klinger, 10 Tex.Civ.App. 576, 30 S.W. 1087; Helms v. Crane, 4 Tex.Civ.App., 89, 23 S.W. 392; Workman v. Ray, Tex.Civ.

**116**

App., 180 S.W. 291; Heirs of Rogers v. Watson, 81 Tex. 400, 17 S.W. 29; Harrison Machine Works v. Reigor, 64 Tex. 89; Mc-Cray Refrigerator Co. v. Simms, supra; Manes v. Bletsch, supra.

Furthermore, the agreement to extend the time for payment of the installment due March 25, 1937, relied upon by appellee, was not to a day certain, neither was there any agreement to pay interest for a definite period of time. Under such circumstances there was no consideration for such extension, and neither party would be bound by such an agreement. Austin Real Estate & Abstract Company v. Bahn, 87 Tex. 582, 29 S.W. 646, 30 S.W. 430; Tsesmelis v. Sinton State Bank, Tex.Com. App., 53 S.W.2d 461, 85 A.L.R. 319; Kirby v. American State Bank, Tex.Com.App., 18 S.W.2d 599, 63 A.L.R. 1528; Nassar v. Nelson,. Tex.Civ.App., 112 S.W.2d 757, writ refused.

The trial court erred in not granting either appellant's motion for an instructed verdict or his motion for judgment non obstante veredicto.

The judgment will be reversed and judgment here rendered for appellant against appellee, for the amount of principal, interest and attorney's fees due on said note, together with a foreclosure of the chattel mortgage lien on the 1936 Packard 120 Sedan. Appellee will be denied any recovery on his cross-action.

Reversed and rendered.