Dessie E. WARD et vir., Appellants,

v.

A. E. STROUD et al., Appellees.

No. 3222.

Court of Civil Appeals of Texas.

Waco.

Dec. 9, 1954.

Rehearing Denied Jan. 13, 1955.

J. S. Simkins, Corsicana, for appellants.

H. L. Williford, Hugh D. Reed, Jr., Fairfield, for appellees.

TIREY, Justice.

Appellants (plaintiffs below) have perfected their appeal from a summary judgment rendered against them and in behalf of appellees. The judgment is assailed on one point, which is substantially: The trial court committed error in granting appellees' motion for summary judgment because the pleadings of appellants tendered an issue of fact for the jury's determination.

Appellees' reply is to the effect that the trial court did not err in granting their motion because their motion and the attached affidavit and pleadings show that there is no issue as to any material fact in this cause and by reason thereof the defendants are entitled to a judgment on their motion as a matter of law under the provisions of Rule 166–A, Texas Rules of Civil Procedure.

In the decree we find this recital: "* * came on to be heard * * * the motion of defendants for a summary judgment * * and all parties having announced ready, the court, after hearing said motion and all evidence adduced in connection therewith, is of the opinion that said motion for summary judgment should be granted," and the decree is in accord with such recital.

Appellants went to trial on their first amended original petition, which consists of approximately nine legal cap pages, and their first supplemental petition, which consists of approximately eight pages of legal cap paper. As we understand plaintiffs' amended pleading on which they went to trial their cause of action is grounded upon their allegation that the defendants Stroud and Boyd, doing business as Fairfield Motor Company, had previously sold and delivered to plaintiff, Mrs. Dessie E. Ward, a certain truck, for which Mrs. Ward agreed to pay a sum certain and that she and her husband executed a note and a chattel mortgage to secure the payment of this note, and that she made payments thereon as and when they matured and that thereafter, on or about the 7th day of April, 1952, defendant Stroud entered into a conspiracy with J. K. Ray and others and without her knowledge and consent came to her home and took possession of her truck and carried the same away and used the truck or permitted others to use the truck in such manner that it destroyed the value thereof, and that such action was wrongful, willful, illegal and ma-

licious, and that it was done pursuant to a conspiracy entered into by and between the parties. The defendants Stroud and Boyd seasonably filed their answer to the cause of action asserted by the plaintiffs against them and among other things in the pleading excepted specifically to the plaintiffs' pleading in that it did not name who the other persons were who participated in the conspiracy with J. K. Ray; that plaintiffs did not allege from whom she obtained the information that defendant Stroud participated in the removal of her truck from the premises; that it did not specifically allege what illegal and malicious acts were committed by defendant Stroud, or who informed her that he committed any illegal or malicious acts. The record does not show that the court acted on either of the foregoing exceptions. The defendants Stroud and Boyd did specifically deny the allegations in the plaintiffs' pleading and they denied specifically that they entered into any conspiracy with reference to taking possession of plaintiffs' truck. They pleaded specifically the transaction whereby they sold and delivered the truck and specifically pleaded that they did not get possession of the truck until after plaintiffs were delinquent in the payment of their note and that this matter was handled through their attorneys. The plaintiffs' amended original petition shows that their allegations as to conspiracy were made on information and belief, but in their affidavit attached to the pleading Mrs. Ward swore upon her oath that she was familiar with the matters and things alleged in the pleading and that such statements contained therein were true and correct. On May 13, 1954, defendants filed their motion for summary judgment. In support of their motion for summary judgment defendant offered all of their pleadings filed in the cause, the affidavit of A. E. Stroud as to the facts therein stated; copy of chattel mortgage from Dessie E. Ward to Fairfield Motor Company; copy of promissory note signed by Mrs. Ward and her husband; copy of tax collectors' receipt for title application showing lien in favor of the Fairfield Motor Company under the title certificate law of the State of Texas, for the amount of $779.40; a copy of tax collectors' receipt for title application. The affidavit referred to by A. E. Stroud, one of the defendants, set out in detail the transaction showing the sale of the truck by him and his partner Boyd to the plaintiffs, the amount of the note and the payments therein specified were described with accuracy, and pertinent to this discussion we quote specifically from the affidavit:

"That on or about the 7th day of April, 1952, Mr. J. K. Ray and Mr. J. M. Watson, Federal Liquor Control Agents, came to the Fairfield Motor Company and asked me if I had sold Joe B. Ward a pickup truck. I stated to them, 'Yes, I had. Why?' They then informed me that, 'It looks like you have lost the truck, because we have taken it and there it is over behind the courthouse.'

"Said truck was taken by the Federal Liquor Control Agents to the city of Waco and stored. I knew nothing of the seizure of this pickup until after Federal Liquor Control Agents had seized same.

"After the May 8th payment on the above referred to note, became delinquent, I employed the law firm of Williford & Reed, to repossess the pickup under the terms of the mortgage attached hereto, and by virtue of the registered lien under the Texas Certificate of Title law, as shown on the application for title certificate by plaintiffs and the certificate of title issued to them on said application.

"That on or about the 20th day of June, 1952, after two installment payments were delinquent, William Allen Stroud, as my agent and as agent for the Fairfield Motor Company, went to Waco and repossessed said truck under the terms of provisions of the attached mortgage, and under and by virtue of the registered lien under the Texas Certificate of Title laws, that after said pickup was repossessed on the 27th day of June, 1952, I sold this pickup to Mr. Roy Reese, of the City of Fairfield, for a fair price."

Appellants, on June 3, 1954, filed their first supplemental petition. Paragraph 13 of this first supplemental petition alleges substantially that the appellants were never in default in their payments and refer to their former pleading, stating that the truck was illegally and unlawfully and willfully taken from their possession; that such truck was taken from them without their consent because of some agreement between defendant Stroud and the Federal officers, and that Stroud came to them and represented to them that he could go immediately and get possession of the truck and bring the truck back to plaintiffs' home if they would immediately discharge the full balance remaining unpaid on the truck, and that plaintiffs could not do so, and that defendant Stroud had deliberately settled on such course to exert force and pressure on the plaintiffs not only to agree to do this but an attempt was made by said defendant in conjunction with said Federal officers to force plaintiff Dessie E. Ward to sell her milk cows in order to pay off said balance due on the truck.

Going back to the affidavit of A. E. Stroud attached to appellees' motion for summary judgment, it will be observed that this affidavit of Stroud sets out specifically that he had no knowledge of the seizure of the truck by the Federal officers until after such seizure had been made; also that they took no action to recover the truck until after two payments on the truck were delinquent. The chattel mortgage attached to their pleading shows that they had a right to repossess the truck after the payments became delinquent. It is true that plaintiffs filed a contest to appellees' motion for summary judgment, but we find nothing in appellants' contest that contradicts the affidavit of Stroud to the effect that he had no notice of the seizure of the truck until after he was so notified by Federal officer Ray. Nor does said contest contradict the statement in appellees' affidavit to the effect that they had nothing to do with the truck and did not repossess it until after the payments thereon were delinquent, and that after the payments became delinquent they turned the matter over to their attorneys, who handled the matter.

■■■ As we understand appellants' contention, it is to the effect that since they in effect alleged conspiracy between appellees and the Federal officer Ray and swore to the pleading, and further alleged that certain other facts and circumstances whereby appellees acquired possession of the truck and made affidavit to their pleading, that a fact issue was thereby created that entitled him to tender evidence to a jury for consideration and they contend that this brings them within the rule announced by our Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, points 1–3. The rule there stated in part is: "The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. [Citing cases.] 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' " (Citing cases.)

■■■ We do not believe that the cause of action as pleaded by appellants and the contest that they filed to appellees' motion for summary judgment brings them within the above rule. It seems to us that if defendant Stroud's affidavit as to the transaction had not been true that this motion should have been specifically denied by appellants in their contest; and further it was appellants' duty to answer the motion and specifically set out the details of the conspiracy between Stroud and the Federal officer, alleging facts and circumstances concerning the conspiracy, and further it was appellants' duty to deny specifically that

part of Stroud's affidavit wherein he set out the circumstances under which they obtained possession of the truck, for the reason that if appellees acquired possession of the truck after the payments thereon were delinquent, they were not guilty of any wrongdoing under the pleadings made. No rule in Texas is better settled than the one stating that where a note or notes secured by chattel mortgage are past due, that if the provisions of the chattel mortgage so provide there can be no liability for the seizure of the automobile when the note or notes become past due. See Fischer v. Wood, Tex.Civ.App., 119 S.W.2d 114, and cases there cited.

It is true that appellants say in their brief: "No statement of facts accompanies this record. As no evidence was received by the trial court, the trial court simply called for the pleadings which were delivered to it and then asked for an argument on the law, which was made, although appellants were both present and ready to testify, the trial court determined the question on the pleadings alone and rendered judgment sustaining the motion for summary judgment." Counsel for appellants in oral argument stated that they called for a jury and were insisting upon a trial before a jury and that they had their witnesses ready to testify to the allegations contained in their pleadings and a jury was present but was not empanelled to try the cause and appellants did not tender any testimony to the trial court on the motions for summary judgment. As we understand appellants, it is their contention that under the foregoing state of the record they were entitled to tender their witnesses before a jury under the rule announced in Gulbenkian v. Penn, supra. We are not in accord with this view. See also Salmon v. Fidelity

Bank & Trust Co., Tex.Civ.App., 258 S.W. 2d 837 (no writ history); Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683 (no writ history); Statham v. City of Tyler, Tex. Civ.App., 257 S.W.2d 742 (no writ history); Hurley v. Knox, 244 S.W.2d 557 (no writ history); Loud v. Sears-Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548 (no writ history); De La Garza v. Ryals, Tex.Civ. App., 239 S.W.2d 854 (n. r. e.); Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422, 428 (no writ history).

Since the affidavit of appellee Stroud specifically averred that appellees had no knowledge that the truck had been seized by J. K. Ray until they were so advised and saw it sitting near the courthouse, and since they further specifically set out in the affidavit that they did not repossess the truck until after two payments thereon had become delinquent, and that they did so by placing the note and mortgage in the hands of their attorneys, who proceeded to handle the matter, such allegations on the part of the movant removed all doubt as to the existence of a genuine issue as to a material fact in the appellants' pleading insofar as Stroud and Boyd and the Fairfield Motor Company were concerned; that is to say, until the foregoing allegations in the movant's affidavit were specifically denied by appellants, and further averments were made to facts contrary to the facts set out in Stroud's affidavit, there could be no justiciable controversy between appellants and appellees. Being of such view, we think it was the duty of the trial court, under the foregoing situation and Rule 166–A, T.R.C.P., to grant defendants' motion for summary judgment, and the judgment of the trial court will be affirmed.

Affirmed.