C. F. PALM, Appellant,

v.

LA MANTIA BROS. ARRIGO COMPANY,
Appellee.

No. 12888.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 11, 1956.

Rehearing Denied Feb. 15, 1956.

Urban Farrow, Carrizo Springs, for appellant.

Petry & Dean, Carrizo Springs, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Jos. V. La Mantia, doing business as La Mantia Bros. Arrigo Company, against C. F. Palm and Roy R. Mogford, seeking to recover the amount of principal, interest and attorney's fees due upon a certain promissory note in the principal sum of $15,000 signed by Roy R. Mogford, and for foreclosure of a chattel mortgage lien given to secure the payment of such note, on certain machinery generally referred to as surplus and non-operational equipment located on the premises of the Texas Winter Garden Freezers in Carrizo Springs, Texas. It was alleged that the property belonged to Roy R. Mogford but that C. F. Palm was asserting some kind of claim to it.

Plaintiff made a motion for summary judgment and later an amended motion for

summary judgment. Palm filed an unsworn answer to these motions for summary judgment and attached his affidavit to this answer. The trial court, after a full hearing, granted plaintiff's motion for summary judgment and Palm has prosecuted this appeal. Mogford filed no answer and did not give notice of appeal, so the judgment as to him is final.

Appellee called upon appellant for admissions, under the provisions of Rule 169, T.R.C.P., and many admissions were made by him. Appellee also filed an affidavit and exhibits in support of his motion for summary judgment.

It appears from these admissions, affidavit and exhibits, that the frozen foods plant, located at Carrizo Springs, together with the property in dispute, prior to February 7, 1953, was the property of Texas Winter Garden Foods, Inc., and the estate of Elizabeth M. and Belle Eardley. On that date Joe L. Gardner and R. T. Hall, as receivers of the above property, with the approval of the court in which the receivership was pending, transferred the property to Roy R. Mogford. The order of the judge, however, was not recorded until more than a year later. On March 23, 1953, the receivers and the corporation executed a deed to C. F. Palm to this frozen foods plant, and it is under this deed that appellant asserts title to the property in dispute. The deed, after setting forth a description of the lot on which the freezing plant is located, contained the following further description, to wit:

"* * * together with all improvements and personal property constituting a freezing plant, and further including all cold storage equipment, cooling instruments, machinery, engines, compressors, coolers, condensers, receivers, cooling towers, switches and office equipment, as well as furniture, furnishings, fixtures, implements and personalty of every character now in and upon said premises, said real property being the same as described in deed from Belle Eardley et al to Texas Winter Garden Foods, Inc., dated November 10, 1948."

Appellee showed by an affidavit of Roy R. Mogford that after the property in dispute was transferred to him on February 7, 1953, and before the plant was conveyed to Palm, Mogford took the property in dispute from the premises of the frozen foods plant and hauled it to Eagle Pass, Texas, for storage and sale, and that at the time the plant was conveyed to appellant, Palm, on March 23, 1953, the property was not located on the premises of the plant. If the property was not in and upon the premises of the plant it was not covered by the description found in the deed. Appellant was asked to make the following admissions, to wit:

"That you do not have any actual knowledge of the location and whereabouts of the personal property described in Plaintiff's Original Petition (the property in dispute) during and throughout a period of time from February 7, 1953, to March 28, 1953; and that you know of no writing, testimony or any other evidence which will show that said personal property was situated and located in the frozen foods plant during any or all of said period of time."

His answer was as follows:

"To request No. 9: Since I was not in possession of the frozen foods plant I would have no knowledge as to the exact location of all of the plant equipment during that time."

■ The record showing, as above stated, by affidavit and other undisputed evidence, that the property in dispute was transferred to Roy R. Mogford on February 7, 1953, and moved from the plant and taken to another city in another county before the plant was purchased by appellant, he got no title to property which was not located in and upon the premises of the plant at the time of the execution of the deed.

There is no sworn denial by appellant of the fact that the property had been moved from the plant before it was purchased by him, and he admitted that he had no knowledge as to whether the property had been moved or not. Therefore, there was no material fact issue to be determined at a trial on the merits. Here the trial court had before him, on the one hand, the pleadings, admissions, sworn statement and exhibits of appellee in support of his motion, showing him to be the owner of the property and, on the other hand, the unsworn answer of appellant and the vague and general affidavit of appellant attached thereto, which did not controvert the allegations of appellee, and further the admissions showing that appellant did not have any knowledge which would justify him in controverting appellee's allegations. Under such circumstances the trial court properly granted appellee's motion for a summary judgment. Rolfe v. Swearingen, Tex.Civ. App., 241 S.W.2d 236.

Under the circumstances, the appellant was required to come forward with more than a mere unsworn pleading or suffer a summary judgment to be rendered against him. McDonald, Texas Civil Procedure, Vol. 4, § 17.26 (Cum.Supp.) p. 26, citing Rees v. State, Tex.Civ.App., 258 S.W.2d 823.

In order to defeat appellee's motion for summary judgment, the appellant was under a duty to deny under oath any sworn statement presented by appellee which was untrue, and in the absence of such controverting statements or counter-affidavits, the trial court was justified in accepting the appellee's sworn statements as true and acting accordingly. Rountree v. Bridwell, Tex.Civ.App., 269 S.W.2d 824; Broussard v. Austin Road Co., Tex.Civ.App., 276 S.W.2d 912; Ward v. Stroud, Tex.Civ.App., 274 S.W.2d 136.

The judgment of the trial court is affirmed.