Lydia M. MEFFERT et al., Appellants,

v.

Mary WOODRUFF, Appellee.

No. 7983.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 3, 1969.

Rehearing Denied Dec. 8, 1969.

Harris E. Lofthus, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry and R. A. Wilson, Amarillo, for appellee.

NORTHCUTT, Justice.

Lydia M. (Hatcher) Meffert, Audrey Wilmer and Harris E. Lofthus, as plaintiffs, sued American National Insurance Co., as defendant, seeking to recover upon a policy of insurance issued by defendant on the life of Jack H. Hatcher, now deceased, alleging that Meffert and Wilmer were the beneficiaries named in the policy and that Lofthus owned a one-half interest in the policy benefits pursuant to a contract of employment with Mrs. Meffert.

American National answered by bill of interpleader impleading the appellee, Mary Woodruff, daughter of Jack H. Hatcher, and contended that it could not make payment because of conflicting claims that had been asserted upon the policy.

Mary Woodruff answered setting up her ownership of the policy proceeds as the changed beneficiary and a divesting out of Mrs. Meffert of any interest she might have had in the policy in question by the judgment of a New Mexico court and an estoppel to take any advantage of the circumstances that physical possession of the policy remained with the plaintiff Lofthus.

The original defendant, American National, tendered the policy proceeds in the registry of the court and was allowed an attorney's fee and discharged from the suit, and the suit continued between the original plaintiffs and Mary Woodruff. Both parties filed motion for summary judgment, and the trial court overruled plaintiffs' motion for summary judgment and sustained Mary Woodruff's motion for summary judgment and granted judgment in her favor that the plaintiffs, Lydia M. (Hatcher) Meffert, Audrey Wilmer and Harris Lofthus, take nothing by this suit and that Mary Woodruff recover the proceeds then present in the registry of the court. From that judgment, Lydia M. (Hatcher) Meffert and Audrey Wilmer perfected this appeal. Since Lofthus did not appeal, he will not be considered further herein.

Appellants' motion for summary judgment is based solely upon the pleadings and the policy of insurance and is not supported by any affidavits or any kind of proof. Appellee's motion for summary judgment is based upon the pleadings, Xerox copy of the policy in question as the same was attached as an exhibit to appellants' original petition; depositions, affidavits relating to request for admissions, authenticated copy of the New Mexico proceedings in the divorce suit filed by Jack H. Hatcher against Lydia Hatcher, interrogatories propounded by appellee, Mary Woodruff, to appellants

and the answers made thereto, affidavits by appellee and Sumner T. Buell, the New Mexico attorney who represented Hatcher in the divorce suit.

The uncontradicted record as made by appellee herein by exhibits, affidavits, admissions by appellants, and interrogatories show that Lydia M. Meffert was formerly the wife of Jack Hatcher; that Audrey Wilmer was the daughter of Mrs. Meffert; that Hatcher secured a divorce from Lydia Hatcher; that the insurance policy originally designated Mrs. Hatcher and daughter, Audrey Wilmer, as beneficiaries; that Hatcher took all the necessary steps to change the policy to Mary Woodruff as beneficiary; that Mrs. Meffert was ordered by the New Mexico court to surrender the policy so the change of beneficiary could be properly made but that Mrs. Meffert was unable to secure the policy from her Amarillo, Texas attorney because he refused to deliver the policy to her; Mrs. Meffert and her attorney were in the New Mexico court when the above order was entered. The insurance company recognized Mary Woodruff as the beneficiary but could not make payment to her upon the death of her father because the outstanding policy named appellants as beneficiaries.

It is stated in Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 at 500 as follows:

"When a motion for summary judgment is supported by affidavits, depositions, stipulations or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or must justify his inability to do so and seek appropriate relief under subdivision (f) of Rule 166-A. Stafford v. Wilkinson, Tex. 304 S.W.2d 364(4-5) 1957; Schepps v. American District Telegraph Co. of Texas, Tex.Civ.App., 1956, 286 S.W.2d 684, 690(7-9), no writ history; Palm v. La Mantia Bros. Arrigo Company, Tex. Civ.App., 1956, 287 S.W.2d 208(3), n.r. e.; McDonald, Summary Judgments, 30 Tex.Law Rev. 297(c); McDonald, Texas Civil Practice, Vol. 4, Cumulative Supplement, pp. 26-39, Secs. 17.26.0 to 17.26.3."

See also Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., Tex., 391 S.W.2d 41.

Appellants did not show any opposing evidentiary data that would raise an issue as to a material fact nor did they justify their inability to do so.

We are of the opinion, and so hold, that the pleadings, depositions, and affidavits relating to requests for submissions, the authenticated copy of the record, interrogatories and affidavits show that there were no genuine issues as to any material fact and that the trial court was correct in rendering summary judgment for the appellee. The judgment of the trial court is affirmed.